```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**ROWAN COMPANIES, INC.**                                  **CIVIL ACTION**

**versus**                                                 **No. 06-10755**
                                                           **c/w:07-3350**
                                                                **07-3351**

**HOUSTON HELICOPTERS, INC.**                              **SECTION: I/1**

### ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed on behalf of defendant, Houston Helicopters, Inc., ("HHI"). For the reasons set forth below, HHI's motion for partial summary judgment is **GRANTED**.

### *Background*

On or about September 6, 2005, a Sikorsky S-76A Helicopter, owned and operated by HHI, experienced a complete loss of engine power while flying over the Gulf of Mexico off the Texas coast.[1] As a result, the helicopter was forced to make a hard landing in the Gulf of Mexico.

At the time of the accident, HHI's helicopter was transporting approximately eight (8) employees of plaintiff, Rowan Companies, Inc., ("Rowan").[2]  Among the Rowan employees aboard HHI's helicopter were consolidated plaintiffs Brian Carter ("Carter") and

---

[1] Rec. Doc. No. 1, p. 2, para. 5.

[2] HHI's helicopter was transporting Rowan employees from the Bob Keller, a jack-up rig owned and operated by Rowan, to shore. *Id.* para. 6  Rowan asserts that the helicopter flight was conducted pursuant to a contract between HHI and Applied Drilling Technology, Inc., ("ADTI"). *Id.* para. 11.

Bradley Stuart ("Stuart").[3]

On December 4, 2006, Rowan filed a lawsuit in this Court against HHI.[4] Rowan alleges that the accident and resulting injury to Rowan's employees were caused by "the negligent acts of [HHI] acting through its agents, servants, representatives and/or employees."[5] Rowan also alleges that, pursuant to its obligations under maritime law, Rowan has paid and continues to pay its injured employees maintenance and cure, as well as other benefits.[6] Rowan claims that, as a result of these events, HHI is liable to Rowan for the following damages: (1) amounts paid to Rowan employees in the form of maintenance and cure and other benefits, past and future; (2) amounts expended in connection with Rowan's investigation of the September 6, 2005, accident; (3) attorney's fees and costs incurred in connection with the claims of the Rowan employees; and (4) other damages to be proven at the trial of this matter.[7]

On June 19, 2007, Carter and his wife, Wendy Carter ("Mrs. Carter"), filed a lawsuit in federal court under the general maritime law against HHI which was consolidated with Rowan's

---

[3]*Id.*

[4]*Id.*

[5]*Id.* at p. 2, para. 7.

[6]*Id.*

[7]*Id.* at p. 4, para. 13.

complaint.[8]  Carter claims damages for physical injuries, pain and suffering, decreased endurance, generalized weakness, fatigue, mental anguish, emotional distress, and psychological damages, all of which Carter claims are the result of the accident caused by HHI's alleged negligence.[9]  Carter also claims damages for past and future medical expenses, past, present, and future economic loss, loss of earning capacity, and loss of retirement benefits.[10]  Mrs. Carter claims damages for loss of consortium.

On June 19, 2007, Stuart and his wife, Kimberly Stuart ("Mrs. Stuart"), also filed a lawsuit under the general maritime law against HHI which was consolidated with Rowan's complaint.[11]  Similar to Carter, Stuart claims damages for physical injuries, pain and suffering, the inability to work, mental anguish, emotional distress, and psychological damages.[12]  Stuart also claims damages for past and future medical expenses, past, present, and future economic loss, loss of earning capacity, and loss of retirement benefits.[13]  Mrs. Stuart claims damages for loss of consortium.[14]

---

[8] Docket No. 07-3351 Rec. Doc. No. 1.

[9] *Id.* at p. 4, para. 10.

[10] *Id.* at paras. 11-12.

[11] Docket No. 07-3350, Rec. Doc. No. 1

[12] *Id.* at Doc. No. 1, para. 10.

[13] *Id.* at paras. 11-12.

[14] *Id.* at para. 13.

On August 24, 2007, HHI filed this motion for partial summary judgment.[15] HHI asserts that there is no legal basis under general maritime law for Carter, Mrs. Carter, Stuart, or Mrs. Stuart ("plaintiffs") to recover nonpecuniary damages from HHI.[16] As such, HHI requests that the Court dismiss all claims for nonpecuniary damages.

## *Law and Analysis*

### I. Rule 56 Standard

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.; Fontenot v.*

---

[15] Docket No. 06-10755, Rec. Doc. No. 36.

[16] The Carters, Stuarts, and HHI stipulate that the only issue presented in HHI's motion for summary judgment is whether the Carters and the Stuarts may recover nonpecuniary damages from a nonemployer pursuant to general maritime law. Rec. Doc. Nos. 36-3 & 57-3. The determination of the availability of damages is a question of law. *Munn v. Algee*, 575 F.2d 568, 575 (5th Cir. 1991).

*Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

Once the party seeking the summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999) (internal quotation and citation omitted).

**II. *Damages Recoverable Pursuant to General Maritime Law*[17]**

In *Miles v. Apex Marine Corp.*, the United States Supreme Court restored a uniform rule concerning the damages recoverable in actions for the wrongful death of a seaman, whether such actions are pursuant to the Death on the High Seas Act ("DOHSA"),[18] the Jones Act,[19] or general maritime law.  498 U.S. 19, 33, 111 S. Ct. 317, 326, 112 L. Ed. 275 (1990).  The Court explained that DOHSA, by its terms, and the Jones Act, by incorporation of the Federal Employer's Liability Act ("FELA"), limit the damages recoverable in a wrongful death action to pecuniary damages.  *Id*.

The Court in *Miles* also found that the same limitation placed on recoverable damages by DOHSA and the Jones Act is applicable to general maritime law.  *Id*. at 32.  The Court stated that, "[i]t would be inconsistent with [the Court's] place in the constitutional scheme were [the Court] to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence."  *Id*.  In accordance with the uniform plan of maritime tort law that Congress created in DOHSA and the Jones Act, the Court held that "there is a general maritime cause of action for the wrongful death of a seaman," but that damages

---

[17]It is undisputed that general maritime law governs plaintiffs' claims. Rec. Doc. Nos. 36-3 & 57-3.

[18]46 U.S.C. § 30301.

[19]46 U.S.C. § 688.

recoverable from such an action do not include nonpecuniary damages.  *Id*. at 36.

In a personal injury action brought by an injured seaman and his wife against the seaman's employer, the U.S. Fifth Circuit has also interpreted *Miles* to preclude the recovery of nonpecuniary damages which a jury awarded the seaman's spouse and children pursuant to general maritime law.  *Murray v. Anthony J. Bertucci Constr. Co.,* 958 F.2d 127, 132 (5th Cir. 1992).  The Fifth Circuit held that recognizing plaintiffs' loss of society claims in such actions would create the very sort of anomaly *Miles* sought to avoid.  *Murray*, 958 F.2d at 132.

Courts have also found that the uniformity requirement espoused in *Miles* applies with equal force in cases filed against nonemployers.  *Bodin v. Delta Towing, L.L.C.*, 2003 WL 21914015, at *4 (E.D. La. Aug. 6, 2003); *Scarborough v. Clemco Indus.*, 391 F.3d 660, 667 (5th Cir. 2004); *Turley v. Co-Mar Offshore Marine Corp.,* 766 F. Supp. 501 (E.D. La. 1991) (dismissing the loss of consortium claims against both the employer and the nonemployer defendants on the ground that there is no recovery for nonpecuniary damages under general maritime law);  *Ellender v. John E. Graham & Co.*, 821 F. Supp. 1136, 1136-37 (E.D. La. 1992) (citing *Turley*, 766 F. Supp. 501)).  While under the Jones Act a seaman may only bring a lawsuit against  his employer, "a general maritime action against a nonemployer is sufficiently analogous to a Jones Act action to be

limited by *Miles*." *Holman v. Applied Drilling Tech., Inc.*, 2007 WL 173302, at *3 (S.D. Tex. Jan. 18, 2007) (citing *Scarborough*, 391 F.3d at 688)). Accordingly, plaintiffs are limited to pecuniary damages in lawsuits filed against nonemployers pursuant to general maritime law.

Although plaintiffs claim that as a result of a recent amendment to DOHSA, the *Miles* uniformity principle mandates that the Court award plaintiffs nonpecuniary damages,[20] the Court finds that the amendment to DOHSA contains no such mandate. In October, 2006, DOHSA was amended pursuant to Public Law 109-304, which expanded available recovery in wrongful death actions to include nonpecuniary damages if the *death* precipitating a cause of action resulted from a commercial aviation accident occurring on the high seas beyond twelve (12) nautical miles from the shore of the United States. Pub. L. No. 109-304, 120 Stat. 1485 (codified at 46 U.S.C.A. § 30307). The amendment to DOHSA defined nonpecuniary damages as damages for loss of care, comfort, and companionship. *Id.*

The amendment to DOHSA limits the recovery of nonpecuniary damages to a narrowly tailored fact pattern wherein the deceased represented in a wrongful death action *died* as a result of a commercial aviation accident on the high seas beyond 12 nautical miles from the shore of the United States. *In re Am. River Transp.*

---

[20] *Id.* at p. 7.

*Co.*, 490 F.3d 351, 354, n. 11 (5th Cir. 2007).  While Carter and Stuart were involved in a commercial aviation accident that occurred on the high seas, neither man died as a result of the accident.  The plain language of the DOHSA amendment illustrates that Congress intended to allow recovery of nonpecuniary damages only where *death* resulted from a commercial aviation accident.  By permitting plaintiffs to recover nonpecuniary damages as a result of being *injured* in a commercial aviation accident, the Court would be sanctioning a more expansive remedy in a general maritime claim than that remedy granted by Congress in DOHSA.  *See generally Miles*, 498 U.S. at 33.  Such a decision would create the exact anomaly the Court in *Miles* sought to prevent.  *See generally Murray*, 958 F.2d at 132.

Accordingly, **IT IS ORDERED** that the motion for partial summary judgment be **GRANTED** and that plaintiffs' recovery pursuant to their general maritime claims against Houston Helicopters, Inc., is limited to pecuniary damages.[21]

New Orleans, Louisiana, October __15th__, 2007.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[21] The Court shall leave the determination of what damages are encompassed by the term "pecuniary damages" for a later date.

-9-